## CORNELIUS BARROWS *v.* B. B. & R. KNIGHT.

The name of " Roger Williams Long Cloth " is capable of being appropriated by a manufacturer to cotton cloth of his manufacture, to distinguish it from cloth of the same general description manufactured by others; and if, to the knowledge of the public, it be so appropriated by the plaintiff, a person who stamps the name of " Roger Williams " on *his* cloth of similar description, with the design and effect of fraudulently passing it upon the market as and for cloth manufactured by the plaintiff, to the lessening of the gains and credit as a manufacturer of the latter, is liable to him for the injury caused thereby.

DEMURRER to a declaration in case, for fraudulently imitating the plaintiff's trade-mark. The declaration was as follows : —

" *Providence Sc.*            Supreme Court, March Term, 1860.

" Cornelius Barrows of Providence in said county, manufacturer, complains of Benjamin B. Knight of Attleborough, in the State of Massachusetts, and Robert Knight 2d, of Cranston in

said county of Providence, copartners, doing business as manufacturers and bleachers in Providence, in said county, under the name and style of B. B. & R. Knight, summoned by the sheriff in an action of the case ; for that the plaintiff, for a long space of time before, and at the time of committing the grievances hereinafter complained of, carried on the business of manufacturing cotton cloth, and made and sold for profit a large quantity of cotton cloths which he was accustomed to mark with the words "*Roger Williams Long Cloth*," in order to denote that they were manufactured by him the plaintiff, and to distinguish them from goods of the same description manufactured by other persons.

And the plaintiff says that he enjoyed great reputation with the public on account of the good quality of the said goods so manufactured by him, and made great gain by the sale of them; yet the said defendant, well knowing the premises, but wickedly, wrongfully, and unjustly intending to injure the plaintiff in his aforesaid business and sale of his goods, and to deprive him of the gain and profit he would otherwise acquire, to wit : on the first day of May, A. D. 1858, and on divers other days and times between that day and the day of the commencement of this suit, to wit : at Providence, did wrongfully, knowingly, injuriously, deceitfully, and fraudulently, against the will and without the license or consent of the plaintiff, mark and stamp, and cause to be marked and stamped, a great quantity of cotton cloth manufactured by them the defendants, and purchased and belonging to them the defendants, and bleached by them the defendants, with the words " *Roger Williams,*" in imitation of the said mark and stamp of the plaintiff, and in order to denote that the said cloth so manufactured by them the defendants, and so purchased and belonging to them, and bleached by them, was of the manufacture of the plaintiff; and did knowingly, wrongfully, and deceitfully, on the several days and times aforesaid, sell for their own lucre and gain the said cloth so manufactured, purchased, and bleached as aforesaid, and marked and stamped as aforesaid, as and for cloth of the manufacture of the plaintiff, whereby the plaintiff was prevented from selling a great quantity of cotton cloth manufactured by him, and

thereby defrauded of great gain and profit which would other-
wise have accrued to him from the sale thereof, and greatly in-
jured in reputation ; the said cloth so manufactured, purchased,
bleached, and sold by the defendant being greatly inferior to
that manufactured by the plaintiff; to the damage of the plain-
tiff five thousand dollars as laid in his writ dated the 9th day
of October, A. D. 1859. Wherefore he sues, &c."

To this declaration there was a general demurrer and joinder.
*Markland,* for the defendant.

There are two objections to this declaration : it shows no
trade-mark, in the legal sense, adopted by the plaintiff, and no
imitation of that which is set forth as the plaintiff's trade-mark,
on the part of the defendant.

1st. The plaintiff has no right to appropriate the name
" Roger Williams," as descriptive of his cloth, so as to exclude
the defendant from the use of it. It is not the plaintiff's name,
or the name of the article manufactured, nor is it symbolical of
either ; but a common name, merely, which the defendant has
as much right to use as the plaintiff. *Amoskeag Manufacturing
Co.* v. *Spear,* 2 Sandf. Sup. Ct. Rep. 599 ; *Rogers* v. *Nowill,* 17
Eng. L. & Eq. Rep. 83 ; *Marsh* v. *Billings,* 7 Cush. 322. The
words " Long Cloth," employed by the plaintiff in connection
with the name, does not help him ; it is merely descriptive.
*Stokes* v. *Landgraff,* 17 Barb. (N. Y.) Rep. 608.

2d. The mark used by the defendant must so closely resemble
that used by the plaintiff as to be calculated to deceive, and to
induce persons to believe the defendant's goods to be of the
plaintiff's manufacture. *Davis* v. *Kendall,* 2 R. I. Rep. 566 ;
*Ames* v. *King,* 2 Gray, 379. There is no such resemblance be-
tween " Roger Williams," used by the defendant, and " Roger
Williams Long Cloth," claimed as his trade-mark by the plain-
tiff. To entitle him to go to the jury upon the question of imi-
tation, the plaintiff should have framed his declaration specially,
as in *Marsh* v. *Billings,* 7 Cush. 322. In a case of this sort, the
questions of fraud and injury, as appears from *Davis* v. *Kendall,*
*supra,* are not open to inquiry, although the matter would not
seem to be free from doubt. *Flavell* v. *Harrison,* 19 Eng. L.
& Eq. Rep. 15 ; *Taylor* v. *Carpenter,* 2 Sandf. Ch. Rep. 603, *et*

*seq.*; 2 Story's Eq. Jurisp. 951·*a*, and notes. If the questions of fraud and injury are not open, the allegations in the declaration, in that behalf, do not help the plaintiff to the jury.

*Hart*, for the plaintiff.

A manufacturer, by priority of appropriation, may acquire a property in any words, marks, figures, devices or symbols, designed to indicate the origin or ownership of the goods or the particular place of business of the manufacturer, for the invasion of which an action for damages will lie. But in words, marks, &c., which indicate simply the name, nature, kind, or quality of the goods, no property can be acquired. *Amoskeag Manufacturing Co.* v. *Spear*, 2 Sand. Sup. Ct. Rep. 628; *Coats* v. *Holbrook*, 2 Sandf. Ch. Rep. 586; *Taylor* v. *Carpenter*, 2 Sandf. Ch. Rep. 603; *Stokes* v. *Landgraff*, 17 Barb. 608; *Sykes* v. *Sykes*, 3 B. & C. 541; *Davis* v. *Kendall*, 2 R. I. 566; 2 Hilliard on Torts, 206, *et post*, and cases cited. Though the imitation be only colorable or partial, if calculated or likely to deceive, an action will lie. *Amoskeag Manufacturing Co.* v. *Spear*, 2 Sand. Sup. Ct. Rep. 599; *Partridge* v. *Menck*, 2 Sandf. Ch. Rep. 622; *Davis* v. *Kendall*, 2 R. I. 566; *Coffeen* v. *Brunton*, 4 McLean, 516. See also on this point, 2 Hilliard on Torts, 207, 208; 2 Story's Eq. Jurisp. (7th ed.) 258, 259, and cases cited. Whether or not the alleged imitation is likely to deceive, is a question of fact for the jury. It is sufficient here if the declaration discloses a partial imitation. An examination of the cases where injunctions have been refused or actions not maintained shows the mark to have been used to indicate the name, nature, kind, or quality of the articles, or where a manufacturer, selling an article under his own name, has sought to prevent the use of the name or title of the article by another person having the same name with himself. See *Burgess* v. *Burgess*, 17 Eng. L. & Eq. 257; *Gillott* v. *Kettle*, 3 Duer, 624; or where there has been some fraudulent representation on the part of the plaintiff, as in *Pedding* v. *How*, 8 Simons, 477; or *Perry* v. *Trufurt*, 6 Beavan, 66; or *Flavell* v. *Harrison*, 19 Eng. L. & Eq. 151, cited by defendant's counsel.

AMES, C. J. It never could have been a question that a designed imitation by the defendant of the trade-mark of the

plaintiff, whereby the former fraudulently passed off his' goods in the market as goods manufactured by the latter and to his injury, would support an action. Indeed, such a concurrence of fraud and injury constitutes the most flagrant form of this species of wrong ; and this court can with no justice be said to have intimated the contrary, when it recognized in *Davis* v. *Kendall*, 2 R. I. Rep. 570, that equity would restrain the invasion of a trade-mark as well when the consequence of mistake, as when contrived of fraud. The declaration before us charges the defendant with the worst form of this species of tort : — that he knowingly and fraudulently stamped his goods with the words " Roger Williams," in imitation of the trade-mark of the plaintiff, in order to denote that they were manufactured by the latter, and knowingly and deceitfully sold his cloth, so stamped, as and for cloth manufactured by the plaintiff to the lessening of the plaintiff's sales, and credit as a manufacturer of cotton cloth.

It is argued, however, that the declaration does not set forth, in the name " Roger Williams Long Cloth," as applied by the plaintiff to distinguish cotton cloth manufactured by him, that which can legally be a trade-mark ; since it is neither the name of the plaintiff, nor descriptive of the nature or qualities of the article manufactured by him, nor is it symbolical of either. We are not aware of any legal restriction upon a manufacturer's choice of a name for his trade-mark, any more than of his choice of a symbol, so that the name be so far peculiar, as applied to manufactured goods, as to be capable of distinguishing, when known in the market, one manufacturer's goods of a certain description from those of another. " Roger Williams," though the name of a famous person, long since dead, is, as applied to cotton cloth, a fancy name, as would be so applied, the names of Washington, Greene, Perry, or, of any other heroes, living or dead. It is quite as peculiar and significant, in such an application, as " Persian Thread," " Mexican Balm for Hair," " Vegetable Pain-Killer," " Houqua's Mixture," for tea, or " Ethiopian," for stockings, or the numerous other fanciful names which have been treated as appropriate trade-marks. *Coats* v. *Holbrook*, 2 Sandf. Ch. Rep. 559, note of

cases. Now, the declaration states that the plaintiff had long used this name, stamped upon his cotton cloth, to distinguish his cloth from cloth of the same description manufactured by others, and enjoyed great reputation with the public on account of the good quality of the goods by him manufactured, and made great gains by the sale of them. If this was so, — and whether it was must be matter of proof to the jury, — it is clear, that the defendant had no right to defraud him of his profits or good name, by falsely and deceitfully passing off his own goods for those of the plaintiff, whether by verbal misrepresentations, or by imitating any mark put upon them by the plaintiff by which the public could, and were accustomed to, identify them.

The declaration further alleges, in substance, that the defendant, well knowing the plaintiff's said mark, and for the purpose and with the effect of such deception, did stamp the words " Roger Williams " upon cotton cloth not manufactured by the plaintiff, and to his serious injury. Certainly under the rule, so well settled, that a partial imitation of a trade-mark, if calculated to deceive will support an action, this is a sufficient allegation of an invasion of the plaintiff's rights. The court cannot, as a matter of law, decide that such partial use of the designation of his goods appropriated by the plaintiff was not designed, calculated, and effectual to carry out the fraud charged, and must leave that, as well as the prior allegation, to be settled upon the evidence by the jury.

The demurrer is therefore overruled ; but under the agreement of the parties, suggested at the argument, the defendant has leave to withdraw his demurrer without costs, and to plead over to the merits.